UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALDECK SYLVESTRE,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 14-cv-03740-JST<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED** |

Plaintiff Waldeck Sylvestre filed this action against "Wells Fargo Bank, N.A.; New Century Mortgage Corp., and Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Loan Trust 2006-NC2 and Does 1–50, Inclusive, All Parties Unknown Claiming to Have Legal, Equitable, Lien and Estate Against the Subject Property Located at 3888 Delmont Avenue in Oakland, California 94605 APN 037A-2775-004" in the Superior Court of Alameda County on February 19, 2014.  ECF No. 1, at 7, 10.

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed the action to this Court on August 18, 2014 on the basis of federal question jurisdiction, see 28 U.S.C. § 1441(a), because it arises under the Truth in Lending Act.  ECF No. 1, at 1–2.  However, the Complaint does not allege claims under the Truth in Lending Act against Wells Fargo, ECF No. 1, at 24, and because no other Defendants have been served, Wells Fargo is the only Defendant currently before this Court.  It is not clear from Defendant's Notice of Removal, ECF No. 1, or Motion to Dismiss, ECF No. 16, whether removal based on federal question jurisdiction is proper where the Complaint alleges only state law claims against the defendant removing the case and no other defendant has been served.

While Plaintiff has not moved to remand, district courts have an independent obligation to

satisfy themselves of their subject matter jurisdiction over a removed action. United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Consequently, the Court hereby ORDERS Wells Fargo to show cause why this action should not be remanded to Alameda County Superior Court for lack of subject matter jurisdiction. Wells Fargo shall file a written response to this Order to Show Cause by October 31, 2014, either (1) bringing to the Court's attention any relevant authority demonstrating that the Court has jurisdiction over this action; or (2) conceding that the Court lacks subject matter jurisdiction. Plaintiff may, but is not required to, file a response by November 14, 2014.

Plaintiff is advised that there is helpful information for pro se litigants at http://cand.uscourts.gov/proselitigants, including the Northern District's "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants." The handbook is also available free of charge at the Clerk's Office.

Plaintiff is also encouraged to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center has locations at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California and at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided by appointment only. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-8982.

On the Court's own motion, the Initial Case Management Conference scheduled for November 19, 2014 is CONTINUED to Wednesday, December 10, 2014 at 2:00 p.m. A Joint Case Management Conference Statement is due by November 26, 2014.

**IT IS SO ORDERED.**

Dated: October 16, 2014

_____
JON S. TIGAR
United States District Judge

2