UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALDECK SYLVESTRE,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 14-cv-03740-JST<br><br>**ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT**<br><br>Re: ECF No. 19 |

On October 17, 2014, the Court issued an Order to Show Cause Why the Action Should Not Be Remanded to the Alameda County Superior Court. ECF No. 18. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed its response on October 31, 2014. ECF No. 19. Plaintiff Waldeck Sylvestre did not file a response. For the reasons set forth below, this action will be REMANDED to the Alameda County Superior Court.

## I.     BACKGROUND

### A.     Factual and Procedural History

On February 19, 2014, Plaintiff Sylvestre filed this action against "Wells Fargo Bank, N.A.; New Century Mortgage Corp., and Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Loan Trust 2006-NC2 and Does 1-50, Inclusive, All Parties Unknown Claiming to Have Legal, Equitable, Lien, and Estate Against the Subject Property Located at 3888 Delmont Avenue in Oakland, California 94605" in the Alameda Superior Court. ECF No. 1, Ex. A at 10. The Complaint asserts a series of state and federal claims, including claims for breach of contract, fraud, unethical business practices, slander of title, defamation, and violations of the Truth in Lending Act ("TILA"). Id. at 8, 10. The Complaint alleges only state law claims against Wells Fargo. See id. at 24; ECF No. 19 at 2.

On August 18, 2014, Wells Fargo filed a Notice of Removal alleging that this action is a

civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Wells Fargo pursuant to the provisions of 28 U.S.C. § 1441(a) because it arises under TILA. ECF No. 1 at 1-2. Wells Fargo further alleged that this Court has supplemental jurisdiction over all other claims asserted by Sylvestre in accordance with 28 U.S.C. § 1367(a). Id. at 2. No other defendant identified in the Complaint had been served. Id. at 3. Wells Fargo filed a Motion to Dismiss the Complaint on August 25, 2014. ECF No. 7. Sylvestre did not file an Opposition to the Motion.

On October 17, 2014, this Court *sua sponte* issued an order to show cause why the action should not be remanded, stating, "[i]t is not clear from Defendant's Notice of Removal . . . or Motion to Dismiss . . . whether removal based on federal question jurisdiction is proper where the Complaint alleges only state law claims against the defendant removing the case and no other defendant has been served." ECF No. 18 at 1. In its Response to the Order, Wells Fargo continues to assert that this Court has jurisdiction under 28 U.S.C. § 1331 because the claim arises under TILA and that the action was properly removed pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. 19.

## II.   LEGAL STANDARD

District courts have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. Under 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Defendants wishing to remove a civil action to a federal district court must file a notice of removal containing a short and plain statement of the grounds for removal as well as a copy of all process, pleadings, and orders served on the defendants in the action. 28 U.S.C. § 1446(a). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v.

2

1 Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)); see also Durham v. Lockheed Martin
2 Corp., 445 F.3d 1247, 1252 (9th Cir. 2006) ("[R]emoval statutes are to be strictly construed, and
3 any doubts as to the right of removal must be resolved in favor of remanding to state court.").
4 Even where the plaintiff does not move to remand, district courts have an independent obligation
5 to satisfy themselves of their subject matter jurisdiction over a removed action. United Investors
6 Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). "Federal jurisdiction
7 must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980
8 F.2d at 566; see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the
9 district court lacks subject matter jurisdiction, the case shall be remanded.).

## III. DISCUSSION

Wells Fargo argues that there is ample authority confirming that removal based on federal question jurisdiction is proper where only state law claims are alleged against the removing defendant. ECF No. 19 at 3. It contends that 28 U.S.C. §§ 1441 and 1446, which permit defendants to remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," do not limit this authority to defendants against whom a federal claim is alleged. ECF No. 19 at 3. For support, Wells Fargo cites the opinions of four district courts that have concluded that as long as a case is removable, even a defendant not named in any federal-law count may file a notice of removal. See Smith v. Smart Buy Homes, No. CIV-08-89-C, 2008 WL 5122840, at *1 (W.D. Okla. Dec. 4, 2008) ("That the federal claim was brought against a [not yet served] defendant other than the one who initiated the removal is immaterial. . . . Defendants could properly remove the action even if there was no federal claim brought against them."); Air Liquide Mexico S. de R.L. de C.V. v. Talleres Willie, Inc., No. H-14-211, 2014 WL 2526914, at *3 (S.D. Tex. June 4, 2014) ("That the federal claim was brought against a defendant other than the one who initiated the removal is immaterial."); Cartwright v. Thomas Jefferson Univ. Hosp., 99 F. Supp. 2d 550, 553 (E.D. Pa. 2000) ("if a case is removable, any defendant, including a defendant not named in any federal-law count, must be permitted to file a notice of removal"); Solis v. Chase Bank USA, N.A., No. EP-05-CA-453-DB, 2006 WL 487855, at *2-3 (W.D. Tex. Feb. 8, 2006) (finding removal jurisdiction proper where the

3

1 federal cause of action was brought against defendants that presumably had not been served).

2       Courts in the Northern District of Illinois have reached the opposite conclusion.  In
3 Regalado v. City of Chicago, 946 F. Supp. 560 (N.D. Ill. 1996), the plaintiff filed suit against the
4 City of Chicago and two police officers, but only targeted the officers with federal-question
5 claims.  Id. at 561. The City, which was not involved in any federal-question claim, filed a notice
6 of removal before the officers had been served.  Id.  Although the court acknowledged that "the
7 statutory language does not cover the present situation precisely," it concluded that

> [T]he absence of any stake whatever on the City's part in having the purely state law claims against it adjudicated in a federal forum leads this Court to conclude that the reference in Section 1441(a) to "remov[al] by the defendant or the defendants" does not embrace a removal in this case by the City alone.

Id. at 563.  The court remanded the action to state court pursuant to 28 U.S.C. § 1447(c).  Id.  Other cases in the Northern District of Illinois have reached the same result.  See, e.g. Wisniewski v. City of Chicago, No. 98 C 7682, 1998 WL 895746, at *1 (N.D. Ill. Dec. 15, 1998) (where the City's responsibility, if any, would stem only from state statute, City ordinance, or contract, the City had no standing to undertake removal on its own); Shepp v. Columbia College Chicago, No. 06 C 1069, 2006 WL 1156387, at *1 (N.D. Ill. Apr. 27, 2006) ("[Defendant] Thall is not subject to any federal claims and thus had no right to initiate removal proceedings. The case must be remanded . . . ." (citation omitted)).

      The Court is aware of only one case within the Ninth Circuit discussing this issue.  In Rosset v. Hunter Engineering Co., 14-cv-01701-LB, 2014 WL 3569332 (N.D. Cal. July 17, 2014), the court did not need to decide the question, but stated in a footnote that had the argument been timely raised, the court likely would have found that a defendant named only in state law claims may not assert federal question jurisdiction as a ground for removal when the defendant named in the federal law claims does not.  Id. at *6 n.3.  The court noted the surprisingly scant authority addressing the issue and briefly discussed the cases on each side before concluding:

> Given the parties that removal is meant to protect, the language of 28 U.S.C. § 1446, the "last-served defendant rule's" codification in that statute (meaning each defendant now is assured of having 30 days to decide whether to remove an action), and the requirement

4

> that the court strictly construe the removal statutes against removal, the court finds more persuasive the line of cases allowing only defendants named in federal claims to remove an action (as opposed to merely consenting to removal) based on the court's federal question jurisdiction.

Id. Wells Fargo concedes that Rosset "implies a defendant, such as Wells Fargo here, may not remove a complaint based upon a federal claim alleged against another defendant," but asserts that the relevant language "is, at best, non-binding *dicta* because the court was not required to address the question to resolve the issue before it." ECF No. 19 at 5 n.4.

The Court finds the reasoning in Regalado and Rosset persuasive. Sylvestre has asserted no federal law claims against Wells Fargo, and Wells Fargo has no interest in having the state law claims brought against it adjudicated in federal court. Concerns about a "manipulative plaintiff" serving only non-federal-question defendants and then waiting more than thirty days to serve the other defendants in order to effectively block all defendants' exercise of the opportunity to remove have been obviated by the codification of the "last-served defendant rule" in 28 U.S.C. § 1446(b)(2)(B). See, e.g., Regalado, 946 F. Supp. at 562; Cartwright, 99 F. Supp. 2d at 553. Particularly in light of this Court's obligation to strictly construe the removal statutes, the Court finds that Wells Fargo was not authorized to remove the action to federal district court pursuant to 28 U.S.C. § 1441(a), and that the action must therefore be remanded to Alameda County Superior Court pursuant to 28 U.S.C. § 1447(c). See Durham, 445 F.3d at 1252.

## IV. CONCLUSION

For the foregoing reasons, this action is ordered REMANDED to the Alameda County Superior Court pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Dated: December 3, 2014

_____
JON S. TIGAR
United States District Judge